**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LOIDY TANG, individually and on behalf of a class | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ENHANCED RECOVERY COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT-CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff, Loidy Garcia ("Plaintiff"), brings this action individually and on behalf of a class defined herein against Defendant Enhanced Recovery Company, LLC. ("Defendant").

2.      The Defendant debt collection agency improperly called plaintiff using a predictive dialer accompanied with a prerecorded voice message.  left on her cellular telephone violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Interstate Commerce); and 47 U.S.C. § 227 ("TCPA") *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

4.      Venue and personal jurisdiction over Defendant in this District is proper because:

        a.      Plaintiff resides in the District;

        b.      Defendant transacts business in the District via the telephone lines; and

        c.      Defendant's collection activities complained of occurred within the District.

## PARTIES

5.      Plaintiff is an individual who resides in the Northern District of Illinois.

6.      Defendant is organized under the laws of Delaware with its corporate headquarters is located at 8014 Bayberry Rd., Jacksonville, Florida, 32258.  In Illinois its registered agent and its name is LEXISNEXIS Document Solutions, 801 Adlai Stevenson Dr., Springfield, IL 62703.  Its president and his registered address is Kirk Moquin, 2875 S. Ponte Vedra Blvd, Ponte Vedra Beach, FL

## FACTS

7.      Defendant uses a Noble Predictive Dialer from Noble Systems.

8.      The Nobel Predictive Dialers are fully redundant.

9.      The Nobel Predictive Dialer is capable of dialing debtors' telephone numbers without human intervention, and delivering an automated prerecorded message with text-to-speech customization to insert the person's name of whom Defendant was trying to reach into the message.

10.      On information and belief the Nobel Predictive Dialer is programmed with software that uses an algorithm which determines to dial in sequence telephone numbers telephone numbers that have been imputed into a data base; in

short the Nobel Predictive Dialer dials one number and then moves on to the next

number in the database, not calling the same number over and over.

11.     Plaintiff has a cellular telephone assigned the telephone number XXX-

XXX-8483.  The first seven digits of Plaintiff's cellular telephone number are

redacted herein due to privacy considerations.

12.     Plaintiff received on her cellular telephone several prerecorded

messages in the form as follows:

> Hello this message is for, (Pause – Different Voice) <u>Shirita Morgan</u> (Phonetic).
> If you are not this person please delete this message as it is not for you.  This
> is Chelsea with Enhanced Recovery Company.  We are a collection agency
> attempting to collect a debt and any information obtained will be used for
> that purpose.  Please contact me about this business matter at (Pause –
> Different Voice) <u>800-496-8916</u> and provide the following reference number
> (Pause – Different Voice<u>) 21430910</u>.

13.     The pauses with the different voice noted above and the underlined

text is text-to-speech customization that inserts, in part, the person's name of whom

Defendant was trying to reach into the form prerecorded message and a reference

number Defendant has assigned to that person's account.   Plaintiff has no

relationship with defendant, and does not know who Shirita Morgan is.  .

14.     The telephone number 800-496-8916 is a number used by Defendant.

15.     Defendant placed, and Plaintiff received the prerecorded voice

message described above from Defendant on her cell phone on or about:

    a.     September 28, 2010 at 11:57 a.m.;

    b.     September 3, 2010, at 10:54 a.m.;

    c.     July 9, 2010, at 11:03 a.m.; and

    d.     June 28, 2010, at 10:03 a.m.

16.     Each phone call above was placed with an autodialer that dialed Plaintiff's cellular telephone number without a human hand.

17.     Defendant has placed other calls to Plaintiff's cellular telephone number using an autodialer and has made other calls and left other prerecorded messages which should appear in Defendant's collection notes, telephone records or dialer records regarding its reference number 21430910.

20.     On or about September 29, 2010, Plaintiff called Defendant at the 800-496-8916 telephone number.  Defendant received this telephone call.

21.     Upon calling the 800-496-8916 telephone number a prerecorded message prompts the caller that if the caller would like to report a wrong number to please press 1.

22.     Pressing 1, Defendant's automated answering machine prompts the caller to input their 10-digit telephone number.

23.     After entering the 10-digit phone number the call is transferred to a live person.

24.     Plaintiff followed Defendant's automated answering machine prompts and reported that the telephone number Defendant was calling was the wrong number.

25.     On information and belief, Defendant places numerous calls to cellular phone numbers using its predictive dialer where the telephone number is not that of the debtor whose name is inserted in the form prerecorded message.

### COUNT I - TCPA VIOLATION

26.     Plaintiff incorporates paragraphs 1-25 above.

27.     The Telephone Consumer Protection Act, 47 U.S.C. § 227 provides in

pertinent part:

> (b) Restrictions on use of automated telephone equipment.
>> (1) Prohibitions. It shall be unlawful for any person within the United
>> States, or any person outside the United States if the recipient is
>> within the United States–
>>> (A) to make any call (other than a call made for emergency
>>> purposes or made with the prior express consent of the called
>>> party) using any automatic telephone dialing system or an
>>> artificial or prerecorded voice–
>> * * *
>>> (iii) to any telephone number assigned to a paging service,
>>> cellular telephone service, specialized mobile radio service,
>>> or other radio common carrier service, or any service for
>>> which the called party is charged for the call; . . .

28.     Defendant's phone calls to Plaintiff's cellular telephone number using

an automatic telephone dialing service and/or an artificial or prerecorded voice, as

proscribed by the TCPA was willful, or in the alternative negligent conduct.

## CLASS ALLEGATIONS

31.     Plaintiff brings this class action seeking damages on behalf of a class

pursuant to FED. R. CIV. P. 23(a) and 23(b)(3).

32.     Plaintiff also brings this class action seeking declaratory and

injunctive relief to prohibit Defendant from placing future telephone calls with an

automatic telephone dialing service and/or an artificial or prerecorded voice to

persons who did not provide prior express consent for their cellular telephone

number to be called by Defendant.

33.     The class consists of: (a) all natural persons with a cellular telephone

number corresponding to either an Illinois, Indiana or Wisconsin area code (b) that

was called by Defendant (c) with an automatic telephone dialing service and/or an

artificial or prerecorded voice during a period (d) where Defendant's records show that the cellular telephone number has been designated as a wrong number (e) where any call was made beginning four years prior to the filing this action and ending on the date of filing of this action.

34.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

35.     The predominant question is whether calling persons' cellular telephone with an automatic telephone dialing service and/or an artificial or prerecorded voice who are not the person who contracted for and is obligated to the underlying debt Defendant was trying to collect, violates the TCPA.

36.     Plaintiff's claims are typical of the claims of the class members in that the alleged violations are all based on the lack of prior express consent.

37.     The class is so numerous that joinder of all the members is impractical.

38.     On information and belief there are 40 persons who are identified by the class definition above.

39.     Plaintiff will fairly and adequately represent the members of the class.

40.     Plaintiff has retained experienced counsel in TCPA matters and class action litigation.

41.     A class action is superior for the fair and efficient adjudication of this matter in that:

a.  Defendant's course of conduct affects a large group of

individuals;

b.  Multiple individual actions are not judicially economical; and

c.  The Class members are unaware that their rights have been

violated.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment

against Defendant for:

(1)  Statutory damages of $500 per violation if

Defendant is found to negligently violated the TCPA or

$1,500 per violation if Defendant is found to have

willfully violated the TCPA;

(2)  Costs of litigation; and

(3)  An injunction prohibiting defendant from future

violations of the TCPA with respect to plaintiff and the class,

along with corresponding declaratory relief..

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner      (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Alexander H. Burke
BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

## NOTICE OF LIEN

Please be advised that the Warner Law Firm, LLC and Burke Law Offices, LLC

claim a lien upon any recovery herein for 1/3 of that amount or such an amount as

the Court awards.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner        (6282197)          Alexander H. Burke
cwarner@warnerlawllc.com                   Burke Law Offices, LLC
Warner Law Firm, LLC                       155 N. Michigan Ave., Suite 9020
Millennium Park Plaza                      Chicago, IL 60601
155 N. Michigan Ave. Ste. 560              (312) 729-5288
Chicago, Illinois 60601                    (312) 729-5289 (fax)
(312) 238-9820 (TEL)                       ABurke@BurkeLawLLC.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff or the putative class members, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Curtis C. Warner