**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LOIDY TANG, individually and on behalf of a class | ) | |
| | ) | |
| | ) | 10 C 6501 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ENHANCED RECOVERY COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION**

**INTRODUCTION**

The Telephone Consumer Protection Act ("TCPA"), in pertinent part, prohibits any person, "to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice" "to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). A violation of the TCPA can be triggered regardless if a charge was actually incurred by the placement of the call to a cell phone. *Abbas v. Selling Source, LLC*, 09 C 3413, 2009 U.S. Dist. LEXIS 116697 * 9-10 (N.D. Ill. Dec. 14, 2009) (Gottschall, J.); *Lozano v. Twentieth Century Fox Film Corp*., 09 C 6344, 2010 U.S. Dist. LEXIS 27447 * 26 – 27 (N.D. Ill. Mar. 23, 2010) (St. Eve, J.) (same). The TCPA also does not require that the call made by the automated telephone equipment is answered to trigger a violation. *See Lozano*, 2010 U.S. Dist. LEXIS 27447 at * 17 – 18 (*quoting Abbas*, 2009 U.S. Dist. LEXIS 116697 at * 16) ("'the definition of 'call' includes 'to communicate with or *try to communicate* with a person by telephone,'") (emphasis added); (*Joffe v. Acacia Mortgage Corp.,* 211 Ariz. 325, 329, 121 P.3d 831 (Az. Ct. App. 2005) ("'given that the TCPA was enacted to regulate the receipt of automated

telephone calls, Congress used the word call to refer to *an attempt to communicate by telephone*'") (emphasis added).

TCPA cellular telephone cases are suited for class certification. *See Mitchem v. Ill. Collection Serv.*, 09 C 7274, 2010 U.S. Dist. LEXIS 76581 (N.D. Ill. Jul. 29, 2010); *see Fike v. The Bureaus, Inc.*, 09 C 2558, Doc. 113, Preliminary Approval of Class Action Order (N.D. Ill. June 11, 2010); *see Bellows v. NCO Fin. Sys.*, 2008 U.S. Dist. LEXIS 103525 (S.D. Cal. Dec. 10, 2008) (granting final approval of a nationwide cell phone TCPA class action).

The approval of a TCPA class action cellular telephone case in *Fike and Bellows* are instructive as, "[W]hether for litigation or for settlement, before certifying a class, the district court must find that the prerequisites for class certification set forth in Rule 23 are satisfied." *All Bromine Antitrust Plaintiffs v. All Bromine Antitrust Defendants*, 203 F.R.D. 403, 406 (S.D. Ind. 2001) (*citing Isaacs v. Sprint Corp.*, 261 F.3d 679, 2001 U.S. App. LEXIS 18324, 2001 WL 930177, at *2 (7th Cir. 2001) (criticizing district court for failing to analyze proposed class under Rule 23 prior to granting motion for class certification)); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 848-49, 144 L. Ed. 2d 715, 119 S. Ct. 2295 (1999) (requiring "heightened" Rule 23 analysis when district court certifies class for class action settlement only); *Kaufman v. Am. Express Travel Related Servs. Co.*, 07 C 1707, 2009 U.S. Dist. LEXIS 119397 * 6 (N.D. Ill. Dec. 2, 2009) ("Before addressing the substantive provisions of the Settlement Agreement, the court must first determine whether the proposed Class can be certified."). The *Bellow*'s cell phone TCPA settlement class was defined and approved as follows:

> All natural and juridical persons within the United States who were called by NCO, without prior express consent, on their paging service, cellular telephone service, mobile radio service, radio common carrier service, or other service for which they were charged for the call, through the use of any automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) or artificial or prerecorded voice,

between August 2, 2003 and September 10, 2008, *i.e.,* the date the Order of Preliminary Approval of Class Action Settlement was entered by the Court.

*Id.* at * 27.

As further demonstrated by the opinions of nine different district court judges, the trend in the Northern District of Illinois is to grant class certification in non cellular telephone cases brought under the TCPA. *Hinman v. M & M Rental Ctr.*, 545 F. Supp. 2d 802, 808 (N.D. Ill. 2008) (Bucklo, J.); *CE Design Ltd. v. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135, 143 (N.D. Ill. 2009) (Kennelly, J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 * 16-17 (N.D. Ill. Feb. 25, 2010) (Darrah, J.); *Targin Sign Sys. v. Preferred Chiropractic Ctr., Ltd.*, 09 C 1399, 2010 U.S. Dist. LEXIS 4581 (N.D. Ill. Jan. 21, 2010) (Shadur, J.); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 * 1 (Oct. 14, 2009) (Gettleman, J.); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 2009 U.S. Dist. LEXIS 73869 * 20-21 (N.D. Ill. Aug. 20, 2009) (Kendall, J.); *Green v. Serv. Master on Location Servs. Corp.*, 2009 U.S. Dist. LEXIS 53297 * 10-11 (N.D. Ill. June 22, 2009) (Hibbler, J.); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.,* 06 C 79827, 2008 U.S. Dist. LEXIS 79827 * 18-19 (N.D. Ill. Aug. 20, 2008) (Kocoras, J.); *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 * 4-5 (N.D. Ill. May 27, 2008) (Aspen, J).

Courts outside of this jurisdiction have certified or approved of the certification of TCPA classes. *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 645 (W.D. Wash. 2007); *See Am. Home Servs., Inc. v. A Fast Sign Co., Inc.,* 651 S.E.2d 119, 121 (Ga. Ct. App. 2007) (*citing Carnett's, Inc. v. Hammond,* 279 Ga. 125, 127 (3) (610 S.E.2d 529) (2005)); *Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *See Lampkin v. GGH, Inc.*, 146 P.3d 847, 856 (Okla. Ct. App. 2006) (reversing trial court's denial of class certification); *See ESI Ergonomic Solutions, LLC, v. United Artists Theatre Circuit, Inc.*, 50 P.3d 844, 846 (Ariz. Ct.

App. 2002) (reversing and remanding denial of class certification); *State of Texas v. American Blast Fax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga. App. 363, 537 S.E.2d 468 (Ga. Ct. App. 2000) (private class actions).

Just as the courts above have certified TCPA classes, this Court should grant Plaintiff's motion for class certification as the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied.

## ARUGMENT

The purpose of a class action is to promote judicial economy by avoiding duplicative suits against the same defendant, and to protect the rights of persons who may not be able to assert their claims on an individual basis. *Crown, Cork, & Seal Co. v. Parking*, 462 U.S. 345 (1983). As the United States Supreme Court has observed, "[c]lass actions serve an important function in our system of civil justice." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981). "Class actions … permit the plaintiffs to pool claims which would be uneconomical to litigate individually * * * most of the plaintiffs would have no realistic day in court if a class action were not available." *Phillips Petroleum v. Shutts*, 472 U.S. 797, 808-809 (1985); *see also Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1977) (class actions aggregate "relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor."); *Warcholek v. Medical Collections Sys.*, 241 F.R.D. 291, 296 (N.D. Ill. 2006) (finding that certifying a class in an FDCPA matter where individual statutory damages up to $1,000 are available is superior as the defendants' "conduct would go otherwise unchallenged if a class was not certified").

It is not necessary for the plaintiff to establish that he or she will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but

rather whether the requirements of Rule 23 are met.") (internal quotation marks and citation

omitted); *Payton v. County of Kane*, 308 F.3d 673, 677 (7th Cir. 2002) ("[A] determination of the

propriety of class certification should not turn on the likelihood of success on the merits.").

    While "[t]he court maintains broad discretion to determine whether a proposed class

satisfies the requirements [it] should err in favor of maintaining class actions." *Rahman v.

Chertoff*, 244 F.R.D. 443, 447 (N.D. Ill. 2007) (*citing King v. Kansas City S. Indus.*, 519 F.2d 20,

26 (7th Cir. 1975); *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 480 (7th Cir. 1980)).

> Rule 23(a) provides that an action may proceed as a class if:

> (1) the class is so numerous that the joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims and defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

    In this matter, Plaintiff requests that this Honorable Court certifies the class as follows:

> (a) all natural persons with a cellular telephone number corresponding to either an Illinois, Indiana or Wisconsin area code (b) that was called by Defendant (c) with an automatic telephone dialing service and/or an artificial or prerecorded voice (d) where Defendant's records show that the cellular telephone number that Defendant called using an automatic telephone dialing service and/or an artificial or prerecorded voice was the wrong number (e) beginning four years prior to the filing this action and ending 20 days after the filing of this action.

## A.    NUMEROSITY

    To establish numerosity a plaintiff is, "not required to allege the exact number or identity

of the class members." *Hinman*, 545 F. Supp 2d at 806.  Furthermore, a plaintiff can use statistical

percentages to establish numerosity "beyond mere speculation" that the size of the putative class

is sufficiently large. *Rahman*, 244 F.R.D. at 450.  A statistical survey done by the Pew Research

Center which found that in 2005 7% - - 9% of the general public have only a cell phone.  Exhibit

<u>A</u>,[1] Pew Research Center for the People & the Press, The Cell Phone Challenge to Survey

Research, May 15, 2006, *available at http://people-press.org/report/276/* (last visited March 26,

2010).  In 2008, Fact Check.org reported a Pew commissioned poll indicating that that out of

3,437 persons surveyed, 2,596 were done by landline and 841 were done by cell phones

(approximately 24.5% of all calls done in the poll) and out of those cell phone users 312

(approximately 9% of all polled) reported that there cell phone was their *only* telephone. <u>Exhibit</u>

<u>B</u>, FactCheck.org, Are Polls Skewed Because May People Only Have Cell Phones? (Feb. 21,

2008) *available at* http://www.factcheck.org/ askfactcheck/

are_polls_skewed_because_many_people_only.html. (last visited March 26, 2010).

The Complaint alleges that Defendant uses a Nobel Predictive Dialer.  Predictive dialers

are automated, programmed to rapidly dial telephone numbers and to transfer the call to a live

operator, or disconnect if not answered by a live person and move on to the next telephone

number.  <u>Exhibit C</u>.  Given the statistical research above, the nature of a predictive autodialer, and

that the class encompasses a four year time period for three states, it is more than likely that there

are more than 40 persons who meet the class definition.

An estimated class of approximately 40 members satisfies the numerosity requirement

*See Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n. 9 (7th Cir. 1969) (40 members

usually satisfies the numerosity requirement);  Alba Conte & Herbert B. Newberg, Newberg on

Class Actions § 3:5 (4th ed. 2007) ("a good-faith estimate should be sufficient when the number

of class members is not readily ascertainable.").

Discovery will ultimately determine the number of persons in the proposed class.

**B.    COMMONALITY**

---

[1] The exhibits are attached to Plaintiff's Motion for Class Certification.

A common nucleus of operative facts is enough to satisfy the commonality requirement. *Rosario v. Livaditis,* 963 F.2d 1013, 1017 (7th Cir. 1992). "A common nucleus is generally found when the defendant has engaged in standardized conduct towards the members of the proposed class." *Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 392 (N.D. Ill. 2006) (*citing Keele,* 149 F.3d at 594; *McCabe v. Crawford & Co.,* 210 F.R.D. 631, 644 (N.D. Ill. 2002); *Hinman*, 545 F. Supp. 2d at 806 ("Seventh Circuit precedent teaches that commonality and typicality are generally met where, as here, a defendant engages in a standardized course of conduct vis-a-vis the class members and plaintiffs' alleged injury arises out of that conduct."); *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984) (Where a question of law involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met."). When "at least one question of law or fact [is] common to the class," commonality is satisfied. *Tylka v. Gerber Prods. Co.,* 178 F.R.D. 493, 496 (N.D. Ill. 1998). Finally, "The commonality requirement has been characterized as a 'low hurdle' easily surmounted." *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992).

Here Defendant engaged in a common course of conduct towards Plaintiff and the proposed class members by having their predictive automatic dialers call Plaintiff's and the class members' cellular telephones where Plaintiff and the class members did not give these Defendants permission to call them, as demonstrated by their self reporting of a wrong telephone number to Defendant.

It is anticipated that Defendant will argue that Plaintiff's claims are not common or typical because an individualized review of its records to determine whether a person consented to have their cell phone called. However, in a TCPA case the, "issue of consent is an affirmative defense,

which does not defeat commonality or typicality." *Green*, 2009 U.S. Dist. LEXIS 53297 * 6 n. 2 (*citing Wagner v. Nutrasweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996); *Finish Thompson, Inc.*, 2009 U.S. Dist. LEXIS 73869 * 13 (*citing De La Fuente v. Stokely-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983)) (same); *Dunn v. City of Chicago,* 231 F.R.D. 367, 375-76 (N.D. Ill. 2005) ("the existence of individualized defenses does not preclude class certification.").

In *Hinman*, the court addressed and rejected that defendant's argument against commonality and typicality that an "individualized analysis" would be required to determine who consented to receive a fax holding, "The possibility that some of the individuals on the list may separately have consented to the transmissions at issue is an insufficient basis for denying certification." *Hinman*, 545 F. Supp. 2d at 807. The court's rationale in *Hinman* is sound. *Id.* at 806-807 (*quoting Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) ("Commonality is satisfied by showing 'a common nucleus of operative fact.'"); *De La Fuente,* 713 F.2d at 232 (7th Cir. 1983) ("Typicality is met if the class representative's claim 'arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'"). The court correctly pointed out that the "question of consent may rightly be understood as a common question." *Hinman*, 545 F. Supp. 2d at 807 (*citing Kavu, supra*, 246 F.R.D. 642, WL 201093, at *3 (W.D. Wash., 2007) ("consent common question where defendant obtained recipients' fax numbers from a particular database").

In a recent TCPA class certification decision issued by the Northern District of Illinois, *G.M. Sign, Inc. v. Group C Communs., Inc.*, the court likewise rejected the defendant's argument that under the plaintiff's proposed class definition an individual inquiry into whether each class member consented to receiving the fax would required. *Group C Communs., Inc.*, 2010 U.S. Dist. LEXIS 17843 at * 9 – 10. In doing so the court noted that *Hinman*'s basis for rejecting a similar

argument of individualized analysis was "persuasive." *Id.* at * 10.  Likewise, in *Targin Sign Sys.*, the court in granting class certification stated that, "As for 'typicality' and 'commonality,' any claimed issue of consent by the faxees (if this Court is allowed to commit a barbarism by coining a term to describe the fax recipients) is more accurately a nonissue. [The defendant] is by definition the party that possesses the information needed to confirm any prior consent--*if* it exists, that is." *Targin Sign Sys.*, 2010 U.S. Dist. LEXIS 4581 at * 10.

Furthermore, the fact that each class member would know that the cellular telephone number Defendant was calling was the wrong number, "precise objective criteria that would be within the personal knowledge of the potential class member." *Green*, 2009 U.S. Dist. LEXIS 53297 at * 10 (*quoting Sadowski*, 2008 U.S. Dist. LEXIS 41766, 2008 WL 2224892, at *5; (*G.M. Sign, Inc.* 2010 U.S. Dist. LEXIS 17843 at * 11-12) (same).  Furthermore, in the unlikely event that a person actually contacted Defendant and consented to it call their cellular telephone prior the first automated call, is an insufficient basis for denying certification.  *See Hinman*,  545 F.Supp.2d at 807.

The focus of the commonality requirement is whether there exists "questions of law or fact common to the class."  FED. R. CIV. P. 23(a)(2).  As one court has noted, common questions of law and fact in a TCPA junk fax case are as follows:

> whether the faxes were advertisements; whether any of the recipients consented to the transmissions; whether defendant violated the TCPA by sending the fax to those individuals who had not given consent; whether defendant violated the TCPA by failing to include an opt-out notice on the fax; whether class members are entitled to statutory damages; and whether defendant's acts were 'willful' or 'knowing' under the TCPA, thus entitling class members to treble damages.

*Holtzman,* 2009 U.S. Dist. LEXIS 95620 at * 13

Likewise here, the common questions of fact and law are: (1) whether Defendant violated the TCPA by making calls with a predictive autodialer to persons' cell phones without

permission as demonstrated by their self reporting that Defendant was calling a wring number; and (2) whether these Defendant's acts were "willful" under the TCPA, thus entitling each class members to treble damages per violation.

## C.    TYPICALITY

Commonality and typicality requirements under Rule 23 are interrelated and often to overlap. *Hyderi v. Washington Mutual Bank, FA*, 235 F.R.D. 390, 396 (N.D. Ill. 2006). The "typicality" requirement of Rule 23(a)(3) is satisfied for many of the same reasons that the "commonality" requirement of Rule 23(a)(3) is met. *De La Fuente*, 713 F.2d at 232. "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory". *Id.* Rule 23(a)(3) requires that, "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). Typicality, "should be determined with reference to [the defendant's] actions, not with respect to particularized defenses it might have against certain class members." *Wagner*, 95 F.3d at 534. Typically is established in a TCPA class where a the "plaintiff brings the same TCPA claim that will be advanced by the class." *Holtzman,* 2009 U.S. Dist. LEXIS 95620 at * 13 (*citing Franklin Bank, S.S.B.*, 2008 U.S. Dist. LEXIS 79827). Here Plaintiff's and the class' claims arise from Defendant's attempts to collect a debt using an automatic dialer with a prerecorded message from a person with a cellular telephone who reported that the number called was the wrong telephone number. Thus, all of the class members have the same claim arising from these Defendant's practices. Each member was subjected to the same conduct and all of the claims are based upon the same legal theory.

## D.    ADEQUACY

Rule 23(a)(4)'s prerequisite consists of the following factors: (1) whether the plaintiffs' attorney is qualified, experienced, and generally able to conduct the proposed litigation; (2) whether the class representatives have interests that are antagonistic to the class; and (3) whether the class representatives have a sufficient interest in the case to assure vigorous advocacy. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993).

"Adequacy" is met when the representative's interests are not antagonistic to or in conflict with those of the other class members. *Uhl v. Thoroughbred Tech. and Telecom., Inc*., 309 F.3d 978, 985 (7th Cir. 2002). In a class action, "the class representative's role is limited." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981). An adequate class representative need only be conscientious and have a basic understanding of the litigation at hand. *Carbajal v. Capital One*, 219 F.R.D. 437, 442 (N.D. Ill. 2004). "[T]he standard for serving as class representative is not particularly demanding." *In re Ocean Bank*, 06 C 3515, 2007 U.S. Dist. LEXIS 29443 * 25 (N.D. Ill. Apr. 27, 2007). Plaintiff is aware of the TCPA class claim she has asserted against Defendant. As such, Plaintiff is adequate and no antagonism exists between Plaintiff and the class members.

The second consideration in determining adequacy of representation is whether plaintiff's counsel is qualified, experienced, and able to conduct the proposed litigation. *Rosario*, 963 F.2d at 1018; FED. R. CIV. P. 23(g). Plaintiff's counsel Mr. Warner has specifically been found to be adequate class counsel meeting the requirements of Rule 23(a)(4). *Cavin v. Home Loan Center, Inc.* 236 F.R.D 387, 395 (N.D. Ill. 2006) ("The Court finds that Mr. Warner [is]. . . 'experienced, competent, qualified and able to conduct the litigation vigorously'"). *Id*. at 395. Furthermore, "[t]he fact that attorneys have been found adequate in other cases 'is persuasive evidence that they will be adequate again.'" *Morris v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 336, 344 (N.D. Ill.

2001) (*quoting Gomez v. Illinois State Bd. Of Ed.*, 117 F.R.D. 394, 401 (N.D. Ill. 1987)).

Plaintiff's counsel submits the declaration of Curtis C. Warner in support of the Warner Law

Firm, LLC's adequacy as class counsel and for the appointment of Curtis C. Warner as the

attorney for the class under Rule 23(g), <u>Exhibit D</u>, and Alexander H. Burke as <u>Exhibit E</u>.

## E.    RULE 23(b)(3)

### 1.    PREDOMINANCE

Rule 23(b)(3) is met when "the questions of law or fact common to the members of the

class predominate over any questions affecting only individual members."  FED.R.CIV.P. 23(b)(3).

The predominance requirement is met when a common factual link between the class members

and defendants under which the law requires a remedy exists.  *Smith v. Nike Retail Servs. Inc*. 234

F.R.D. 648, 666 (N.D. Ill. 2006); 7A Charles Alan Wright, et al., *Federal Practice and Procedure*

§ 1778, at 528 (2d ed. 1986) (Predominance is met "when common questions represent a

significant aspect of the case and they can be resolved for all members of the class in a single

adjudication, there is a clear justification for having the dispute on a representative rather than on

an individual basis"). "Generally, when a class challenges a uniform policy or practice, the

validity of the policy or practice tends to be the predominant issue in the ensuing litigation." *CE

Design Ltd.*, 259 F.R.D. at 142 (*citing General Telephone Co. of Sw. v. Falcon*, 457 U.S. 147, 159

n.15, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).

The predominate common legal issue is whether Defendant violated the TCPA.  The

predominate common facts are that Defendant engaged in a debt collection campaign by using an

automatic dialer with a prerecorded message against consumers who did not consent to the phone

calls to their cellular telephones because the number that Defendant called was the wrong number.

### 2.    SUPERIORITY

The "resolution of the [TCPA] issues on a classwide basis, rather than in thousands of individual lawsuits would be an efficient use of both judicial and party resources." *Hinman*, 545 F. Supp. 2d at 808. TCPA classes are to be certified because, "A large number of potential class members have the same claim under the same statute, and each claim has a small potential recovery. Class actions were designed for these types of claims." *Group C Communs., Inc.*, 2010 U.S. Dist. LEXIS 17843 * 16 (*quoting Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006) ("'Rule 23(b) was designed for situations . . . in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate.'"). Reliance on the rare individual willing to incur the time and expense of seeking the small damages available is not sufficient to ensure that, "it ought not to be cheaper to violate the Act and be sued than to comply with the statutory requirements. *Bueno v. Mattner*, 633 F. Sup. 1446, 1467 (W.D. Mich. 1986) (*quoting Beliz v. W.H. McLeod & Sons Packing Co.,* 765 F.2d 1317, 1332-33 (5th Cir. 1985)).

Certifying a class is the "superior" way when the "'class action would achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem Prods. v. Windsor,* 521 U.S. 591, 615 (1997) (*quoting* Adv. Comm. Notes, 28 U.S.C. App., at 697); *Scholes,* 143 F.R.D. at 183 ("Equally important, judicial economy and efficiency, as well as consistent judgments, are achieved by certifying the class.").

## CONCLUSION

WHEREFORE, for the reasons above and in her motion, Plaintiff requests this Honorable Court to certify the class, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class because the requirements of Rules 23(a) and (b)(3) are satisfied.

Respectfully submitted,

<u>s/ Curtis C. Warner</u>
Curtis C. Warner

Curtis C. Warner        (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com