IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOIDY TANG, individually and on behalf of a class, | ) ) ) |
| Plaintiff, | ) ) Case No. 2010 cv 06501 |
| v. | ) ) ) |
| ENHANCED RECOVERY COMPANY, LLC, | ) ) ) |
| Defendant. | ) |

## DEFENDANT ENHANCED RECOVERY COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, ENHANCED RECOVERY COMPANY, LLC ("ERC"), by and through its undersigned counsel, for its Answer and Affirmative Defenses to the Complaint of the Plaintiff, LOIDY TANG, states as follows:

### INTRODUCTION

1. Plaintiff Loidy Garcia [sic] ("Plaintiff") brings this action individually and on behalf of a class defined herein against Enhanced Recovery Company, LLC, ("Defendant").

**ANSWER:**

ERC denies the allegations contained in this paragraph, including specifically Plaintiffs right to pursue a class action.

2. The Defendant debt collection agency improperly called plaintiff using a predictive dialer accompanied with a prerecorded voice message.[sic] left on her cellular telephone violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA")

**ANSWER:**

ERC denies the allegations contained in this paragraph.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Interstate commerce); and 47 U.S.C. § 227 ("TCPA") Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005).

**ANSWER:**

ERC denies the allegations contained in this paragraph, including specifically the assertion that federal question jurisdiction exists.

4. Venue and personal jurisdiction over Defendant in this District is proper because:

   a. Plaintiff resides in the District;

   b. Defendant transacts business in the District via the telephone lines; and

   c. Defendant's collection activities complained of occurred within the District.

**ANSWER:**

ERC denies the allegations contained in this paragraph.

## PARTIES

5. Plaintiff is an individual who resides in the Northern District of Illinois.

**ANSWER:**

ERC is without knowledge with respect to the allegations contained in this paragraph, and therefore these allegations are denied.

6. Defendant is organized under the laws of Delaware with its corporate headquarters [sic] is located at 8014 Bayberry Rd., Jacksonville, Florida 32258. In Illinois its registered agent and name is LEXISNEXIS Document Solutions, 801 Adlai Stevenson Dr., Springfield, IL 62703. Its president and his registered agent address is Kirk Moquin, 2875 S.

Ponte Vedra Blvd, Ponte Vedra Beach, FL

**ANSWER:**

ERC admits the allegations contained in this paragraph.

## FACTS

7. Defendant uses a Noble Predictive Dialer from Noble Systems.

**ANSWER:**

ERC admits the allegations contained in this paragraph.

8. The Nobel Predictive Dialers are fully redundant.

**ANSWER:**

ERC is without knowledge with respect to the allegations contained in this paragraph, and therefore these allegations are denied.

9. The Nobel Predictive Dialer is capable of dialing debtors' telephone numbers without human intervention, and delivering an automated prerecorded message with text-to-speech customization to insert the person's name of whom Defendant is trying to reach into the message.

**ANSWER:**

ERC denies that the dialer is capable of operation without human intervention. ERC is without knowledge with respect to the remaining allegations contained in this paragraph, and therefore these allegations are denied.

10. On information and belief the Nobel Predictive Dialer is programmed with software that uses an algorithm which determines to dial in sequence telephone numbers telephone numbers that have been imputed into a data base; in short the Nobel Predictive Dialer dials one number and then moves on to the next number in the database, not calling the same

3

number over and over.

**ANSWER:**

ERC denies using the dialer or software in the manner described. ERC is without knowledge with respect to the remaining allegations contained in this paragraph, and therefore these allegations are denied.

11. Plaintiff has a cellular telephone number assigned the telephone number XXX-XX-8483. The first seven digits of the Plaintiff's cellular telephone number are redacted herein due to privacy considerations.

**ANSWER:**

ERC is without knowledge with respect to the allegations contained in this paragraph, and therefore these allegations are denied.

12. Plaintiff received on her cellular telephone several prerecorded messages in the form as follows:

> Hello this message is for, (Pause - Different Voice) <u>Shirita Morgan</u> (Phonetic). If you are not this person please delete this message as it is not for you. This is Chelsea with Enhanced Recovery Company. We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose. Please contact me about this business matter at (Pause - Different Voice) <u>800-496-8916</u> and provide the following reference number (Pause - Different Voice) <u>21430910.</u>

**ANSWER:**

ERC is without knowledge with respect to the allegations contained in this paragraph, and therefore these allegations are denied.

13. The pauses with the different voice noted above and the underlined text is text-to-speech customization that inserts, in part, the person's name of whom Defendant is trying to reach into the form prerecorded message and a reference number Defendant has assigned to that

4

person's account. Plaintiff has no relationship with defendant, and does not know who Shirita Morgan is.[sic].

**ANSWER:**

ERC admits that messages can be edited and language inserted when using the dialer. ERC is without knowledge with respect to the remaining allegations contained in this paragraph, and therefore these allegations are denied.

14. The telephone number 800-496-8916 is a number used by Defendant.

**ANSWER:**

ERC admits the allegations contained in this paragraph.

15. Defendant placed, and Plaintiff received the prerecorded voice message described above from Defendant on her cell phone on or about:

    a. September 28, 2010 at 11:57 a.m.;

    b. September 3, 2010 at 10:54 a.m.;

    c. July 9, 2010 at 11:03 a.m.; and

    d. June 28, 2010 at 10:03 a.m.

**ANSWER:**

ERC is without knowledge with respect to the allegations contained in this paragraph, and therefore these allegations are denied.

16. Each phone call above was placed with an autodialer that dialed Plaintiff's cellular telephone number without a human hand.

**ANSWER:**

ERC admits using a dialer. ERC is without knowledge with respect to the remaining allegations contained in this paragraph, and therefore these allegations are denied.

17. Defendant has placed other calls to Plaintiff's cellular telephone number using an autodialed and has made other calls and left other prerecorded messages which should appear in Defendant's collection notes, telephone records or dialer records regarding its reference number 21430910.

**ANSWER:**

ERC is without knowledge with respect to the allegations contained in this paragraph, and therefore these allegations are denied.

[sic] There is no paragraph 18 in the Complaint, and the Complaint skips to 20.

[sicj] There is no paragraph 19 in the Complaint, and the Complaint skips to 20.

20. On or about September 29, 2010, Plaintiff called Defendant at the 800-496-8916 telephone number. Defendant received this telephone call.

**ANSWER:**

ERC admits that ERC received a call in connection with the referenced account on this date. ERC is without knowledge with respect to the remaining allegations contained in this paragraph, and therefore these allegations are denied.

21. Upon calling the 800-496-8916 telephone number a prerecorded message prompts the caller that if the caller would like to report a wrong number to please press

**ANSWER:**

ERC admits the allegations contained in this paragraph.

22. Pressing 1, Defendant's automated answering machine prompts the caller to input their 10-digit telephone number.

**ANSWER:**

ERC admits the allegations contained in this paragraph.

23. After entering the 10-digit phone number the call is transferred to a live person.

**ANSWER:**

ERC admits that a call may be transferred to a live person. Any remaining allegations contained in this paragraph are denied.

24. Plaintiff followed Defendant's automated answering machine prompts and reported that the telephone number Defendant was calling was the wrong number.

**ANSWER:**

ERC is without knowledge with respect to the allegations contained in this paragraph, and therefore these allegations are denied.

25. On information and belief, Defendant places numerous calls to cellular phone numbers using its predictive dialer where the telephone number is not that of the debtor whose name is inserted in the form prerecorded message.

**ANSWER:**

ERC denies the allegations contained in this paragraph.

## COUNT I - TCPA VIOLATION

26. Plaintiff incorporates paragraphs 1-25 above.

**ANSWER:**

ERC repeats and realleges its response to paragraphs 1-17 and 20-25 as though fully stated herein.

27. Te Telephone Consumer Protection Act, 47 U.S.C. § 227 provides in pertinent part:
    (b) Restrictions on use of automated telephone equipment.
        (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-
            (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the

7

> called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
>
> \*\*\*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;...

**ANSWER:**

ERC states that this paragraph contains no allegations of fact and merely contains Plaintiff's view of a portion of the law. As such, no answer should be required. To the extent an answer is required, ERC denies the allegations contained in this paragraph.

28. Defendant's phone calls to Plaintiffs cellular telephone number using an automatic telephone dialing service and/or an artificial or prerecorded voice, as proscribed by the TCPA was willful or in the alternative negligent contact.

**ANSWER:**

ERC denies the allegations contained in this paragraph.

[sic]   There is no paragraph 29 in the Complaint, and the Complaint skips to 31.

[sic]   There is no paragraph 30 in the Complaint, and the Complaint skips to 31.

### CLASS ALLEGATIONS

31. Plaintiff brings this class action seeking damages on behalf of a class pursuant to FED R. CW. P. 23(a) and 23(b)(3).

**ANSWER:**

ERC denies the allegations contained in this paragraph, including any entitlement to class certification or class relief.

32. Plaintiff also brings this class action seeking declaratory and injunctive relief to prohibit Defendant from placing future telephone calls with an automatic telephone dialing

8

service and/or an artificial or prerecorded voice to persons who did not provide prior express consent for their cellular telephone number to be called by Defendant.

**ANSWER:**

ERC denies the allegations contained in this paragraph, including any entitlement to class certification or class relief.

33. The class consists of: (a) all natural persons with a cellular telephone number corresponding to either an Illinois, Indiana or Wisconsin area code (b) that was called by Defendant (c) with an automatic telephone dialing service and/or an artificial or prerecorded voice during a period (d) where Defendant's records show that the cellular telephone number has been designated as a wrong number (e) where any call was made beginning four years prior to the filing this action and ending on the date of filing of this action.

**ANSWER:**

ERC denies the allegations contained in this paragraph, including: (1) the proposed definition of a class, and (2) the appropriateness of class certification or class relief.

34. There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

**ANSWER:**

ERC denies the allegations contained in this paragraph and specifically states that any proposed individual class members' issues predominate over any common questions.

35. The predominant question is whether calling persons' cellular telephone with an automatic telephone dialing service and/or an artificial or prerecorded voice who are not the person who contracted for and is obligated to the underlying debt Defendant was trying to collect, violates the TCPA.

9

**ANSWER:**

ERC denies the allegations contained in this paragraph.

36. Plaintiff claims are typical of claims of the class members in that the alleged violations are all based on the lack of prior express consent.

**ANSWER:**

ERC denies the allegations contained in this paragraph.

37. The class is so numerous that joinder of all the members is impractical.

**ANSWER:**

ERC denies the allegations contained in this paragraph.

38. On information and belief there are 40 persons who are identified by the dass definition above.

**ANSWER:**

ERC denies the allegations contained in this paragraph.

39. Plaintiff will fairly and adequately represent the members of the class.

**ANSWER:**

ERC denies the allegations contained in this paragraph.

40. Plaintiff has retained experienced counsel in TCPA matters and class action litigation.

**ANSWER:**

ERC denies the allegations contained in this paragraph.

41. A class action is superior for the fair and efficient adjudication of this matter in that:

    a. Defendant's course of conduct affects a large group of individuals;

      b.      Multiple individual actions are not judicially economical; and

      c.      The Class members are unaware that their rights have been violated.

**ANSWER:**

ERC denies the allegations contained in this paragraph, including all subparts.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for class action certification fails as Plaintiff cannot meet its burden of showing that the proposed class is identifiable or determinable as a class.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs claim for class action certification fails as the proposed class is not sufficiently definite to permit ascertainment of the class members, as the Court will need to conduct a detailed inquiry into the merits of each individual's circumstances and the facts surrounding each account in order to even determine whether the individual is part of the class.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs claim for class action certification fails as Plaintiff cannot establish numerosity, in that Plaintiff provides mere speculation as to the size of the class and does not show that joinder is impractical.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint seeking class action certification fails as Plaintiff's claim lacks commonality, in that Plaintiff's claim is based on ERC allegedly seeking to contact an individual that is not Plaintiff. Plaintiff has failed to show that the members of the purported class can or will allege similar facts regarding the calls received.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for class certification fails as any common questions of law or fact do not predominate over the numerous and detailed questions affecting individual members. Specifically, the questions related to any proposed individual class members will predominate in this case, including, but not limited to, (1) the number of different telephone numbers called, (2) the nature of the telephone numbers called (cellular or wireline), (3) the number of alleged calls, (4) whether the individuals gave permission or implied consent to their creditors or ERC, (5) where the numbers were derived, (6) any efforts to notify ERC of an alleged wrong number and its impact on the alleged willfulness of any alleged violation, and *(7)* whether any proposed class member was actually charged for a wrong number call.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for class certification fails as Plaintiff cannot establish that her claim is typical of the claims of other proposed members of the class, as Plaintiff received a phone call intended for a third party.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for class certification is barred in part because a class action is not a superior method of determining claims under the TCPA, as the TCPA was intended to and provides sufficient incentive for an individual to pursue his or her own claim if the person believes that he or she has been wronged.

## EIGHTH AFFIRMATIVE DEFENSE

The actions of ERC were made in good faith or with a reasonable belief that they were lawful.

## NINTH AFFIRMATIVE DEFENSE

The Complaint fails to allege facts sufficient to state any claims upon which relief may be granted against ERC.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped by reason of her own conduct, acts or omissions to recover on any claims that she may have against ERC under the Telephone Consumer Protection Act.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff had a duty to take reasonable steps to mitigate and/or avoid her alleged damages. ERC submits that Plaintiff has failed to take adequate steps or delayed unreasonably in mitigating or avoiding her alleged damages. Any reasonable and timely steps would have reduced or avoided damages altogether. As such, Plaintiff is barred, in whole or in part, from recovering damages in this case.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs claim is barred, in whole or in part, by the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff, by her own actions and conduct, has failed to exercise reasonable care and diligence on her own behalf and has caused or contributed to her alleged damages. Any recovery from Plaintiff must be reduced or eliminated altogether by the proportion of damages caused by her own acts and conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred to the extent that Plaintiff consented to any and all calls and/or communications received from ERC.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs claim is barred, in whole or in part, as ERC has established and implemented practices and procedures to prevent violations of the TCPA and related regulations.

WHEREFORE, Defendant, ENHANCED RECOVERY COMPANY, LLC, requests that the Court enter judgment in its favor and against Plaintiff, together with reasonable costs as may be allowed by law and for such other and further relief as the Court deems proper.

        Defendant, ENHANCED RECOVERY
        COMPANY, LLC

        By: /s/David A. Shapiro
        David A. Shapiro
        Bronson & Kahn LLC
        150 N. Wacker Drive, Suite 1400
        Chicago, IL 60606
        dshapiro@bronsonkahn.com
        Tel:    (312) 553-1700
        Fax:   (312) 676-3821
        - and -

        By: /s/Peter E. Nicandri
        Peter E. Nicandri
        Milam Howard Nicandri
        Dees & Gillam, P.A
        Florida Bar No. 823090
        14 East Bay Street
        Jacksonville, FL 32202
        e-mail: pnicandri@milamhoward.com
        Tel:   (904) 357-3660
        Fax:   (904) 357-3662

15

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, via CM/ECF, which will send electronic notice to Curtis C. Warner, Esq., Warner Law Firm, LLC, Millennium Park Plaza, 15 N. Michigan Avenue, Suite 560, Chicago, IL 60601, and Alexander H. Burke, Esq., Burke Law Offices, LLC, 155 N. Michigan Avenue, Suite 9020, Chicago, IL 60601, on this 22nd day of November, 2010.

                                                       /s/David A. Shapiro
                                                          Attorney